USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/24/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

DWAYNE PRITCHETT,

                                         Plaintiff,

**CONFIDENTIALITY STIPULATION AND ORDER**

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, SERGEANT ANGEL VELEZ,
Individually and in his Official Capacity, POLICE
OFFICER CHRISTOPHER MCGUIRE, Individually and
in his Official Capacity, and POLICE OFFICER(S) "JOHN
DOE", Individually and in their Official Capacity, fictitious
name(s) used to designate unknown police officers herein,

10 Civ. 213 (LTS)(AJP)

                                         Defendants.

----------------------------------------------------------------- x

      **WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

      **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

      **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendants, as follows:

      1. As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") personnel and disciplinary related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agency, and other documents that may,

*(pursuant to stipulation of the parties)*

during the pendency of this litigation, be designated "Confidential Material" by defendants or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

    b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal. *Redacted copies will be publicly filed.* (AP)

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

9. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall

not be disclosed to plaintiff, his family members, or other persons, and such information shall not be include in documents publicly filed with the Court.

Dated:  November 23, 2010
        New York, New York

| LAZAROWITZ & MANGANILLO LLP<br>2004 Ralph Ave.<br>Brooklyn, NY 11234<br>(718) 531-9700<br><br>By: *Philip Hines*<br>    Philip M. Hines<br><br>*Attorney for Plaintiff* | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>100 Church Street<br>New York, N.Y. 10007<br>(212) 788-1177<br>Fax: (212) 788-9776<br><br>By: *Benjamin E. Stockman*<br>    Benjamin E. Stockman<br><br>Assistant Corporation Counsel |

10. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

SO ORDERED: _____
ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
DATE: 11/24/10

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

*Copy by ECF to all counsel*

BY ECF

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Southern District of New York dated November 22, 2010 in the action entitled <u>Dwayne Pritchett v. City of New York, et. al.</u>, 10 CV 213 (LTS)(AJP) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____    _____
Date                                                Signature

                                              _____
                                              Print Name

                                              _____
                                              Occupation

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:       (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:  November 24, 2010                    Total Number of Pages:  6

## TRANSCRIPTION

[Insert at top of page 2]:  . . . (pursuant to the standards of Fed. R. Civ. P. 26(c) and the case law thereunder) . . .

[Insert at end of ¶ 5 on page 3]:    Redacted copies will be publicly filed.