ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

Dated:   December 6, 2010                    Total Number of Pages: 

TRANSCRIPTION OF MEMO ENDORSED ORDER

A discovery conference is scheduled for December 7 at 4PM in courtroom 20D. Counsel are to bring copies of the discovery request and responses and any letters (re same). If Corp Counsel is having problems with the Police Dept bring Police Dept in house counsel. If the allegations in this letter are true, the Court will consider sanctions against the Asst Corp Counsel and/or the NYPD.

# LAZAROWITZ & MANGANILLO

### ATTORNEYS AT LAW

(718) 531-9700
TELECOPIER NO. (718) 444-5768
E-MAIL: lazmanlaw@aol.com

MICHAEL S. LAZAROWITZ
MARC J. HELD
PHILIP M. HINES

EDWARD S. MILLER
THOMAS J. SOLOMON

2004 RALPH AVENUE
BROOKLYN, NY 11234

HARVEY O. LAZAROWITZ
OF COUNSEL

RECEIVED DEC 06 2010 CHAMBERS OF ANDREW J. PECK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:_____
DATE FILED: 12/6/2010

December 6, 2010

**MEMO ENDORSED** 12/6/10

*Via Facsimile (212) 805-7933*
Magistrate Judge Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Dwayne Pritchett v. City of New York, et al.*
SDNY Docket No. 10-CV-213 (LTS) (AJP)
Our File No. 09-131

Your Honor:

This office represents the plaintiff in the above-entitled civil rights action. Pursuant to Your Honor's Individual Practices and Local Civil Rule 37.2, I write to respectfully request a second conference in order to address the defendants' continued failure to provide discovery that was initially requested on July 21, 2010, and again numerous times thereafter, at which time Plaintiff will seek permission to make a Rule 37 motion.

The undersigned has repeatedly requested the defendants furnish the documents set forth below, and defense counsel has repeatedly claimed that same were forthcoming. In reliance upon said statements, Plaintiff, by letters dated September 29, 2010 and October 29, 2010, requested the Court extend the deadline to complete non-expert discovery in this matter. The Court has declined to do so to date. At a settlement conference on November 8, 2010, the undersigned again raised these discovery issues with Your Honor, at which time defense counsel indicated that the outstanding discovery would be produced within a week or two. In light of same, the Court suggested the parties proceed on "the honor system", which we agreed to do, but to advise the Court if Plaintiff had further difficulties in obtaining the outstanding discovery. Unfortunately, it appears that "the honor system" has failed us.

Given the Court's indication that the date to complete non-expert discovery will not be extended beyond December 14, 2010, Plaintiff has continued to litigate this matter. To wit, Plaintiff took the deposition of Defendant McGuire on December 3, 2010, the plaintiff's deposition is scheduled for December 8, 2010, and further depositions of the defendants and non-party witnesses are scheduled for December 10th and 13th, despite the defendants' failure to provide outstanding discovery.

*[Handwritten memo endorsement by Hon. Andrew Jay Peck, United States Magistrate Judge: A conference is scheduled for Dec. 7 at 4:00 PM in Courtroom 20D. Counsel are to bring copies of the discovery requests and responses (letters, etc.). If complaints have merit, defendants' counsel will be responsible for his letter adv. the Court of plaintiff's position. SO ORDERED.]*

**BY FAX**

**LAZAROWITZ & MANGANILLO, L.L.P.**
ATTORNEYS AT LAW

In all, the defendants have failed to provide the following: any of the defendant police officers' memo books; complete personnel and employment files of the defendant police officers as well as Inspector Dwayne Montgomery, Lieutenant Michael Telfer and Sergeant Katherine Taveras; precinct roll call records and command logs for the date of incident; Department of Investigations, Inspection General, Internal Affairs Bureau, and New York City Police Department investigation records regarding the subject incident and/or the defendant police officers involved in similar incidents; complaint report(s); complaint intake reports and recordings; SPRINT audio recording, records and transcripts relating to Plaintiff's arrest and/or the Incident; records reflecting police questioning or formal interviews of the plaintiff or witnesses to the underlying arrest or Incident; vouchers for weapons; incident reports; intradepartmental memoranda; use of force reports; unusual incident reports; witness statements; photographs of the plaintiff at the time of his arrest and processing (including mug shots); the plaintiff's pedigree card and RAP sheet; records of Plaintiff's misbehavior while in Defendants' custody and control; photographic, video, and digital recordings depicting the defendant police officers patrol car, the 28th Precinct and/or other locations where it is alleged that the subject incident took place; interrogation records of the plaintiff; photographs taken of Plaintiff at St. Luke's-Roosevelt Hospital Center, as set forth in St. Luke's-Roosevelt Hospital Center's "Comprehensive Sexual Assault Assessment Form"; and records constituting the "Evidence Kit" (rape kit) collected by the defendants from the plaintiff at St. Luke's-Roosevelt Hospital Center and vouchered by the defendant McGuire.

Accordingly, Plaintiff has been, and will continue to be, placed in the precarious position of being subjected to his own deposition and trying to depose the defendants while the very records necessary to do so remain within the exclusive possession and control of the defendants. For this reason, Plaintiff will seek to reopen the deposition of Defendant McGuire once the aforesaid documents have been provided, as well as any other defendant or non-party deposition that may be held in the interim. Additionally, Plaintiff intends to serve post-deposition discovery requests based upon the testimony of the witnesses. Inasmuch as Defendant McGuire testified on December 6, 2010, Plaintiff intends to serve requests seeking Defendant McGuire's memo book, the log indicating the police radio[1] used by Defendant McGuire on the date of incident, the chain of custody voucher for the rape kit signed by Defendant McGuire, photographs and/or video of the intersection where the incident occurred and which may have been captured by a traffic camera thereat, video surveillance taken of the rear door of the 28th Precinct where Plaintiff was escorted through by Defendant McGuire, Defendant McGuire's NYPD training records, Internal Affair Bureau investigation records, and the NYPD dispatcher log.

Thus, it is clear that Plaintiff's rights and ability to prosecute this action have been unnecessarily obstructed by the defendants' willful failure to comply with their discovery obligations. As such, an immediate conference to address these issues is respectfully requested.

---

[1] Plaintiff alleges that the defendant police officers physically assaulted and battered him and then inserted the antenna of their police radio into the plaintiff's rectum.

**LAZAROWITZ & MANGANILLO, L.L.P.**
ATTORNEYS AT LAW

Furthermore, on December 3, 2010, defense counsel indicated that Defendant Velez may be very sick and, therefore, unable to appear for his deposition prior to the December 14, 2010 deadline to complete discovery. The Court's guidance in how to proceed in this respect will also be requested at this conference.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

LAZAROWITZ & MANGANILLO, LLP

Philip M. Hines (PH5954)

cc: Ben Stockman *via* e-mail (bstockma@law.nyc.gov)